UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. |
| v. | : | 3-03-cr-92 (JCH) |
| | : | |
| TROY COLEMAN | : | JANUARY 27, 2006 |

**RULING RE:  RESENTENCING [Dkt. No. 163]**

By Order filed May 4, 2005 [Dkt. No. 161], the Second Circuit remanded this case to this court for further proceedings in conformity with U.S. v. Crosby, 397 F.3d 103 (2d Cir. 2005).  The Crosby decision requires this court to consider whether it would have imposed "a materially different sentence, under the circumstances existing at the time of the original sentence, if [it] had discharged [its] obligations under the Post-Booker/Fanfan regime, and counsel had availed themselves of their new opportunities to present relevant considerations, . . ." .  Id. at 117.  Thus, if this court would have imposed essentially the same sentence, even while treating the Sentencing Guidelines as advisory under U.S. v. Booker, 125 S.Ct. 738 (2005), and after considering all the factors listed in 18 U.S.C. § 3553(a), then the Sixth Amendment error inherent in the prior use of mandatory Sentencing Guidelines would be harmless.  However, if this court determines that, treating the Guidelines as advisory and considering all of the factors under § 3553(a), it would have imposed a non-trivially different sentence then that originally imposed, then the court must schedule a full re-sentencing under Rule 32 of the Federal Rules of Criminal Procedure.

In response to the Remand Order, the court ordered on June 15, 2005, that the parties file written submissions on the question of whether this court would have

imposed a non-trivially different sentence if the Sentencing Guidelines had been advisory, and it had been allowed to consider all of the factors in § 3553(a). In response to that Order, the government and the defendant each filed a Memorandum, (see Dkt. Nos. 165 and 164).

The court is familiar with the Booker and Crosby decisions. In addition, the court presided at the trial of this matter and has a present recollection of the trial and the evidence presented there. Further, the court has reviewed the Pre-Sentence Report, the sentencing transcript, and the two memorandums and material submitted post-remand. Finally, the court is familiar with all the factors set forth at 18 U.S.C. §3553(a).

After consideration of all of the §3553(a) factors, including treating the Guidelines as a factor that is not mandatory, as well as the prior record, including the pre-sentence report and the recently filed Memoranda, it is this court's conclusion that it would have imposed a non-trivially different sentence. Therefore, the court orders a re-sentencing in this case, which is scheduled for **FEBRUARY 16, 2006 at 2:00 p.m. SO ORDERED.**

Dated at Bridgeport, Connecticut this 27th day of January, 2006.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge