**MANDATE**

*Copy N/NHCt*
*03-CR-92*
*Hall*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 25th day of January, two thousand seven.

PRESENT:

    HON. CHESTER J. STRAUB,
    HON. PETER W. HALL,

                *Circuit Judges*,

    HON. DAVID G. TRAGER,

                *District Judge.*[*]



UNITED STATES OF AMERICA,

        *Appellee*,

                                          **SUMMARY ORDER**
                                          No. 06-1119-cr

        v.

---

[*]     The Honorable David G. Trager, District Judge for the Eastern District of New York, sitting by designation.

*ISSUED AS MANDATE 2-22-07*

*United States v. Coleman,* No. 06-1119-cr

TROY COLEMAN, also known as Pimp,

        *Defendant-Appellant.*

| | |
|---|---|
| Appearing for Appellee: | MICHAEL J. GUSTAFSON, Assistant United States Attorney (William J. Nardini, Assistant United States Attorney, of counsel, Kevin J. O'Connor United States Attorney for the District of Connecticut, on the brief), New Haven, CT |
| Appearing for Appellant: | ALAN J. SOBOL (O'Connell, Flaherty & Attmore, LLC), Hartford, CT |

    Appeal from a final judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*).

    AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the District Court is AFFIRMED.

    Troy Coleman appeals from a judgment entered October 22, 2004 in the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*), following a jury trial, convicting him of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii). We assume the parties' familiarity with the facts, procedural history, and issues on appeal. For the following reasons, we affirm.

    Coleman argues that the District Court erred in denying his motion for a judgment of acquittal on the ground that the evidence at trial was insufficient to support his conviction. In reviewing a claim of insufficiency of evidence, "we are obliged to view the evidence in its totality and in the light most favorable to the prosecution, mindful that the task of choosing among permissible competing inferences is for the jury, not a reviewing court." *United States v. Florez*, 447 F.3d 145, 154-55 (2d Cir. 2006).

*United States v. Coleman,* No. 06-1119-cr

The testimony of the government's informant to the effect that he conducted a drug deal with Coleman was sufficient evidence, if credited, to support Coleman's conviction. "The law is well established that a federal conviction may be supported by the uncorroborated testimony of even a single accomplice witness if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt. . . . [T]he government's failure to corroborate a witness's testimony raises a question as to the weight a jury might choose to give that testimony, not its legal sufficiency to support a conviction." *Id.* (quotation marks and citations omitted). Here, there was nothing incredible in the informant's testimony regarding the drug deal. Moreover, although the informant was the only direct witness to the drug deal itself, his testimony was supported by audio recordings of prior telephone conversations between Coleman and the informant and by the testimony of law enforcement officers who conducted physical surveillance of Coleman shortly before and after the drug deal. Coleman's conduct during those conversations and while under observation by law enforcement officers was consistent with the informant's testimony.

The District Court therefore did not err in denying Coleman's motion for a judgment of acquittal. For the same reasons, we see no abuse of discretion in the District Court's denial of Coleman's post-trial motion for a new trial in so far as it was based on the ground of the sufficiency of the evidence. *See United States v. Canova*, 412 F.3d 331, 348-49 (2d Cir. 2005) ("In considering whether to grant a new trial, a district court may itself weigh the evidence and the credibility of witnesses, but in doing so, it must be careful not to usurp the role of the jury. . . . Only exceptional circumstances warrant a district court's intruding upon the jury function of credibility assessment.") (quotation marks omitted).

*United States v. Coleman,* No. 06-1119-cr

Coleman also argues that the District Court gave inadequate instructions to the jury concerning the evaluation of the testimony of law enforcement officials and informants. We see no error in the District Court's instructions, and no substantial difference between the language requested by Coleman and the language used by the District Court, when viewed as a whole. *United States v. Vaughn,* 430 F.3d 518, 523-24 (2d Cir. 2005) ("[D]istrict courts are under no obligation to give requested charges word for word, and there is no talismanic formula for an instruction on accomplice testimony. . . . As long as district courts intelligibly identify a cooperating witness's possible motivations for the jury's consideration, the cautionary charge given to the jury regarding a cooperating witness's testimony is sufficient.") (quotation marks omitted).

For the foregoing reasons, we AFFIRM.

FOR THE COURT:

Thomas Asreen, Acting Clerk

By: *Lucille Carr*

A TRUE COPY
Thomas W. Asreen, Acting Clerk
by _____
DEPUTY CLERK