UNITED STATES OF AMERICA

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIM. NO. 3:03-cr-92 (JCH) |
| v. | |
| TROY COLEMAN | May 21, 2019 |

GOVERNMENT'S RESPONSE TO DEFENDANT'S FIRST STEP ACT MOTION
FOR IMMEDIATE RELEASE OR RESENTENCING

Although Mr. Coleman is eligible for a sentencing reduction under the First Step Act, the government submits that the court should deny his motion for immediate release or resentencing pursuant to Section 404 of the First Step Act of 2018, Pub. Law 115-391, 132 Stat. 5194 (Dec. 21, 2018) ("First Step Act"). The Bureau of Prisons currently estimates that Mr. Coleman's release date is February 17, 2021, approximately 21 months from now. As of May 2019, Mr. Coleman has served approximately 16 years and one month (193 months) in custody. He is currently confined at FCI Mendota in Mendota, California. *See* Doc. No. 206 (Addendum to PSR). Given that Mr. Coleman's 240 month sentence of imprisonment was driven by his designation as a Career Offender – as opposed to the prior sentencing guidelines for offenses involving crack cocaine – and considering his recent disciplinary record, the government submits that the court should not exercise its discretion to grant immediate release.

Background

On March 23, 2004, the government filed a Notice of Prior Offense pursuant to 21 U.S.C. § 851. Four months later, Mr. Coleman was found guilty after a jury trial of distributing 50 grams

1

or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii).[1] *See* Doc. No. 206. Accordingly, Mr. Coleman faced a statutory sentencing range to 20 years to life imprisonment, ten years to life supervised release, and a fine of $8,000,000. *See* Doc. No. 62.

On October 12, 2004, the court determined that Mr. Coleman was a Career Offender under USSG § 4B1.1(b)(1) and, therefore his total offense level was 37. Because Mr. Coleman had 28 criminal history points, he was placed in Criminal History Category VI both by virtue of his significant criminal history and due to his Career Offender designation. The court concluded that although it had the discretion to depart from the guidelines range of 360 months to life imprisonment, it would not depart because it could not find a combination of factors that warranted a departure. *See* Doc. No. 125 (Judgment).

On May 4, 2005, the Second Circuit remanded this case for further proceedings in conformity with *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). On February 16, 2006, the court resentenced Mr. Coleman to 240 months of imprisonment and ten years of supervised release. *See* Doc. No. 169 (Amended Judgment). The court explained its reasoning:

> The Court imposes a non-guideline sentence based on a combination departure guided by *Rioux*, as well as a finding that the career offender guideline is excessive in light of the time the defendant served in prior sentences. If the career offender guideline is applied, it results in an excessive sentence of 360 months. The Court finds that the criminal history category is not overstated and does not depart vertically. The Court does depart on a combination of factors, including the defendant's family circumstances.

*See* Doc. No. 206.

---

[1] The verdict form shows that the jury unanimously found by proof beyond a reasonable doubt that Mr. Coleman distributed 50 grams of more of cocaine base. *See* Doc. No. 121.

The First Step Act

Under the First Step Act, the Court may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the offense was committed. The government agrees that Coleman is eligible for a reduced sentence under the First Step Act because he was convicted of a "covered offense" as that term is defined by Section 404(b). Specifically, the quantity of crack cocaine involved in his "violation" was 60.5 grams, as found by the court at the time of sentencing.[2] Because this quantity falls below the 280-gram threshold now required to trigger the penalty provisions of § 841(b)(1)(A), the defendant stands convicted of a violation of a Federal criminal statute for which the statutory penalties were changed by Section 2 of the Fair Sentencing Act.

If Section 2 of the Fair Sentencing Act had been in effect when Coleman committed his offense and was originally sentenced, he would have faced a mandatory minimum of five years of imprisonment and a maximum of 40 years of imprisonment and a supervised release term of four years to life. These penalties would have increased, of course, with the filing of the Section 851

---

[2] The government acknowledges that there is a split of authority over whether the quantity of crack cocaine is determined strictly by the language of the statute of conviction, or whether the quantity is instead determined by the defendant's actual offense conduct, for example by reference to the defendant's admissions at a plea hearing, or by judicial fact-finding at a sentencing hearing. *Compare, e.g., United States v. Allen,* 2019 WL 1877072 (D. Conn. Apr. 26, 2019) (Chatigny, J.) (relying only on statutory language) *with United States v. Glover,* 2019 WL 1562833, at *7–*10 (S.D. Fla. Apr. 11, 2019) (considering actual offense conduct). The government is also aware that this court has recently held that the *Allen* approach constitutes the proper interpretation of Section 404(b) of the First Step Act. *See, e.g., United States v. Leon*, 3:93-CR-199 (JCH). The court need not reach that question in the present case because either way – using either the 50-gram threshold set forth in the version of § 841(b)(1)(A) at the time of the prosecution (which was found by the jury), or the 60.5-gram quantity found by the court at sentencing – the record does not disclose a quantity that would exceed the now-applicable 280-gram threshold.

Notice, to include a mandatory minimum sentence of ten years of imprisonment and a mandatory minimum of eight years of supervised release. Both terms carry a maximum of life.

Under the 2018 Guidelines Manual, the advisory guideline range would be as follows. Because Mr. Coleman's offense involved 60.5 grams of cocaine base,[3] his base offense level would be 24. *See* USSG § 2D1.1(c)(8) (offenses involving at least 28 grams but less than 112 grams of cocaine base). But as the Probation Office correctly notes, because Mr. Coleman is a Career Offender, his adjusted offense level would remain 37 because the offense of conviction still carries a statutory maximum of life imprisonment in light of the 851 Notice. *See* USSG § 4B1.1(b)(1); Doc. No. 206. Given there was no reduction for acceptance of responsibility, the total offense level would remain 37, and Mr. Coleman would remain in criminal history category VI, which continues to result in a guideline range of 360 months to life imprisonment. Thus, Mr. Coleman's guideline computations have not changed.

It bears note that although the defendant is eligible for consideration of discretionary relief, he is not entitled to a plenary resentencing that would, for example, authorize him to re-litigate his career offender status under the Guidelines.

The authority of a district court to modify a prison sentence is narrowly limited by 18 U.S.C. § 3582(c), and a "court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Section 404(b) of the First Step Act

---

[3] The initial PSR noted that Mr. Coleman's relevant conduct involved the sale of approximately 60.5 net grams of cocaine base (PSR at ¶¶ 16 and 21.) This equated, at the time, to a base offense level of 32 pursuant to USSG § 2D1.1(c)(4), because the offense involved at least 50 grams, but less than 150 grams of cocaine base.

expressly permits a limited exception, providing that the court may "*impose a reduced sentence* as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." This provision does not authorize a plenary resentencing. Rather, it makes only two sections of the Fair Sentencing Act retroactive: Section 2 (changing the threshold quantities triggering different statutory penalties under 21 U.S.C. §§ 841(b)(1) and 960(b)) and Section 3 (eliminating the provision in 21 U.S.C. § 844(a) that had imposed a five-year statutory minimum sentence for possession of five grams or more of cocaine base). Thus, Section 404(b) of the First Step Act's text, together with its limited scope, evidences that Congress intended to authorize only a limited adjustment to an otherwise final sentence.

Despite the First Step Act's recent vintage, the weight of authority falls decidedly in favor of this interpretation. In *United States v. Potts*, for example, the district court recognized that the procedural vehicle for effectuating a sentencing reduction under the First Step Act is provided by 18 U.S.C. § 3582(c), which recognizes limited exceptions to the rule of finality with respect to criminal sentences. *United States v. Potts*, No. 2:98-CR-14010-Rosenberg, 2019 WL 1059837, at *2-3 (S.D. Fla. March 6, 2019). Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" in enumerated circumstances, including (according to § 3582(c)(1)(B)) "to the extent otherwise expressly permitted by statute" or Rule 35. *Id*. As the *Potts* court explained, long-standing authority provides that a "defendant is not entitled to a full resentencing during a § 3582(c) proceeding." *Id*. at 2 (internal quotation marks omitted). Even though the cases cited by *Potts* arose in the context of § 3582(c)(2) (which authorizes imposition of a reduced sentence when the Sentencing Commission adopts a retroactively

applicable Guideline amendment), its observation was made with respect to § 3582(c) more generally. Neither the Fair Sentencing Act nor the First Step Act changes that, because neither of those statutes "expressly" permits such a plenary proceeding, as would be required by § 3582(c)(1)(B).

Indeed, the majority of decisions conclude that a defendant is not entitled to full resentencing under the First Step Act. *See, e.g., United States v. Rivas*, 2019 WL 1746392, at \*8 (E.D. Wis. Apr. 18, 2019) (the First Step Act does not authorize plenary resentencing, including consideration of the determination that the defendant was a career offender); *United States v. Russo*, 2019 WL 1277507, at \*1 (D. Neb. Mar. 20, 2019) ("[T]he Court cannot conclude that the First Step Act anticipates a full re-sentencing with application of laws and Guidelines that have changed since a defendant's original sentencing, other than the retroactive application of the reduced penalties for crack cocaine set out in the Fair Sentencing Act. If the Court were to engage in such a re-sentencing, applying other laws and Guidelines that have been changed since Russo's original sentencing, it would work an injustice to offenders sentenced in the past who did not have a crack cocaine conviction qualifying for sentence reduction pursuant to the Fair Sentencing Act of 2010."); *United States v. Glore*, 2019 WL 1761581, at \*4-5 (E.D. Wis. Apr. 22, 2019) ("The First Step Act does not 'expressly permit' the court to conduct a plenary resentencing. It does not authorize the court to disturb Judge Clevert's conclusion that the defendant qualified as a career offender, or to modify the eighteen-month consecutive sentence Judge Clevert imposed in Case No. 94-cr-102. It authorizes the court to do one thing – recalculate the sentence Judge Clevert imposed in the 1999 case as if section 2(a) of the FSA had been in effect when the defendant

committed that crime."); *see also United States v. Davis*, No. 07-cr-245S(1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019) ("Nowhere does the Act expressly permit the type of plenary resentencing or sentencing anew that Davis advocates."); *United States v. Sampson*, No. 00-CR-6083L, 2019 WL 1141528, at *2 (W.D.N.Y. Mar. 13, 2019) (agreeing with the reasoning of *Davis* that "that a full resentencing is neither required nor called for"); *United States v. Lawson*, 2019 WL 1959490, at *3 (N.D. Ohio May 2, 2019); *United States v. Files*, 2019 U.S. Dist. LEXIS 36351, at *2 (S.D. Ala. Mar. 7, 2019).

### Discussion

Granting Mr. Coleman a sentence reduction would create an unwarranted sentence disparity among similarly situated offenders. Mr. Coleman was convicted after trial for selling 60.5 grams of crack cocaine to a government informant. By virtue of the defendant's criminal history, he was a Career Offender. Thus, had sections 2 and 3 of the Fair Sentencing Act been in place at the time of his conduct, while he would have faced a lower mandatory minimum sentence under the statute (ten years), he still would have faced an advisory imprisonment range of 360 months to life. Clearly, a career offender who committed precisely the same drug offense after the Fair Sentencing Act came into force would likewise have faced the same advisory sentencing range. It would only give rise to unwarranted sentencing disparities to grant Mr. Coleman a sentence reduction because of the fortuity that he committed his crime before 2010, while simultaneously denying such a benefit to a defendant who committed his crime after 2010. Indeed, a defendant in the latter situation – that is, a defendant between 2010 and 2018 for whom sentencing reductions are governed only by § 3582(c)(2) – would have been explicitly prohibited

from receiving sentence reductions below their newly applicable guideline range, based solely on adjustments to the quantity tables in U.S.S.G. § 2D1.1. Granting Mr. Coleman a sentence reduction that is denied to this latter group "would seriously undermine basic Federal Sentencing Guidelines objectives such as uniformity and proportionality in sentencing" and "would (in respect to relevant groups of drug offenders) produce sentences less uniform and more disproportionate than if Congress had not enacted the Fair Sentencing Act [or the First Step Act] at all." *Dorsey v. United States*, 567 U.S. 260, 264 (2012) (holding that Congress must have intended lower statutory ranges for crack cocaine offenses in the Fair Sentencing Act to apply in cases where the offenses were committed pre-enactment, but sentence occurred post-enactment).

In addition to the unwarranted disparity that a reduction in sentence would cause here, the Probation Office's Addendum notes that Mr. Coleman has accrued four incident reports since 2016 for the following violations:

- July 28, 2018 – Refusing to obey an order, which resulted in seven days' disciplinary segregation and loss of email and visits for 45 days.

- February 21, 2017 –Destroying property valued at $100 or less, which resulted in loss of email for 30 days.

- January 6, 2017 – Possessing drugs/alcohol and possessing unauthorized item (Mr. Coleman was in possession of marijuana and approximately 900 stamps), which resulted in loss of 31 days' good conduct time, 30 days' disciplinary segregation, an additional 30 days' disciplinary segregation suspended for 180 days, loss of commissary and visits for one year, and loss of email for two months.

- April 30, 2016 – Refusing to obey an order and Failing to follow safety regulations (Mr. Coleman failed to adhere to staff orders and cell sanitation regulations), which resulted in loss of commissary and email for 30 days.

The frequency of these recent infractions – occurring on average about every nine months – does not reflect well on any suggestion that the defendant has engaged in meaningful post-sentencing rehabilitation. His infractions have involved refusing to obey orders, possessing contraband and destroying property. The severity of these incidents can be judged by reference to the punishment imposed within the BOP: loss of good conduct time, disciplinary segregation, loss of commissary privileges, and loss of email privileges.

A hearing is not necessary

Finally, the court is not required to hold a hearing to consider a sentencing reduction motion under the First Step Act. The government submits that a hearing is unnecessary here. The reduction is authorized by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Here, the First Step Act is the statute that triggers § 3582(c)(1)(B). Rule 43(b)(4) of the Federal Rules of Criminal Procedure states that a defendant need not be present where "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." In *Dillon v. United States*, the Supreme Court confirmed that sentencing reduction proceedings stand "as a narrow exception to the rule of finality" and accordingly Rule 43, which "requires that a defendant be present at 'sentencing,' see Rule 43(a)(3), . . . excludes from that requirement proceedings that 'involv[e] the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c),' Rule 43(b)(4)." 560 U.S. 817, 827-28 (2010).

9

Conclusion

The government recommends that the court deny Mr. Coleman's motion for immediate release from custody. However, if the court rejects the government's position, and is inclined to exercise its discretion in favor of Mr. Coleman, the government submits that a hearing is not necessary.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*Michael J. Gustafson*

MICHAEL J. GUSTAFSON
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT01503
United States Attorney's Office
450 Main Street, Room 328
Hartford, CT 06103

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2019, a copy of the foregoing was filed electronically, and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

MICHAEL J. GUSTAFSON
ASSISTANT U.S. ATTORNEY